917 F.2d 62
 286 U.S.App.D.C. 348
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Allan H. WALKER, Appellant.
 No. 88-3072.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 31, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of conviction and sentence entered by the district court on April 27, 1988 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Allan H. Walker argues that his encounter with Officers Beard and Brennan at Union Station on November 5, 1987, leading to his conviction on two counts of narcotics offenses, amounted to a seizure unsupported by probable cause or reasonable suspicion, and therefore was in violation of the fourth amendment. See brief of appellant at 6-11. In Walker's view, the purportedly unlawful seizure tainted all that followed, requiring suppression of the drugs seized from his totebag, and his post-arrest statements to the police. Id. at 9-10.
 
 
 5
 This court has considered and rejected similar "constitutional arguments on numerous recent occasions in cases presenting directly parallel facts at the same Amtrak terminal and other public transportation facilities." United States v. Smith, 901 F.2d 1116, 1117 (D.C.Cir.1990) (citations omitted). It is clear from these precedents that no fourth amendment seizure occurred in this case.
 
 
 6
 Walker's description of the corridor in which the stop occurred as a "narrow" and "restrictive" area, in which he was "confined" and "would not reasonably believe he was free to leave or free to decline the detectives' requests to question and to search," brief of appellant at 8-9, is contrary to the district court's factual findings, which are supported by the record and therefore entitled to extreme deference on review. See Anderson v. Bessemer City, 470 U.S. 564, 573-75 (1985). The court found that Beard approached Walker "in a public thoroughfare; it was indeed lit by fluorescent lighting; it was indeed a busy area ... [where] multiple numbers of people ... [went] back and forth through there." Tr. at 90.[1]
 
 
 7
 The court's other findings further support its conclusion that the contact between Beard and Walker was consensual in nature. Walker was approached by a single officer, and there was no indication that Brennan was accompanying Beard. Both officers were casually dressed and did not display their weapons. Beard spoke in a conversational tone, exerted no physical force, and twice asked Walker's permission before searching his bag. Walker both verbally consented to the search and physically manifested his consent by unzipping the bag. The encounter lasted only two to three minutes, and occurred at about 7:00 p.m. Id. at 90-91.
 
 
 8
 Under the "objective standard" of whether a reasonable person, innocent of any crime, would have believed that he was not free to leave in these circumstances, see United States v. Winston, 892 F.2d 112, 115-16 (D.C.Cir.1989), the district court was correct in finding there was no unconstitutional seizure. The conclusion that the encounter was consensual relieves the government of any burden to demonstrate reasonable suspicion or probable cause and renders irrelevant Beard's testimony about the reasons he chose to approach Walker. See United States v. Mendenhall, 446 U.S. 544, 550-55 (1980).
 
 
 
 [1]
 "Tr." refers to the transcript of the suppression hearing held February 4, 1988